FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 26 2004

JAMES W. McCORMACK, CLERK
By:_____
            DEPUTY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DR. BUFFORD SATCHER,

   Plaintiff

vs.

BOARD OF TRUSTEES OF THE UNIVERSITY OF ARKANSAS, GOVERNING BOARD OF THE UNIVERSITY OF ARKANSAS AT PINE BLUFF ("UAPB"); DR. LAWRENCE A. DAVIS, JR., Individually, and In His Official Capacity; DR. MARY BENJAMIN, Individually, and In Her Official Capacity; DR. WILLIAM WILLINGHAM, Individually, and In His Official Capacity; and DR. EBO TEI, Individually, and In His Official Capacity; and BETTY GRIFFITH, Individually, and In Her Official Capacity,

   Defendants

COMPLAINT

NO. 5-04-CV-317 JMM

Case Assigned to:

_____

This case assigned to District Judge Moody
and to Magistrate Judge Cavaneau

## COMPLAINT

Comes now the Plaintiff, Dr. Bufford Satcher, by and through his undersigned attorney, and for his Complaint against the Defendants alleges and states:

### I. INTRODUCTION

1. Bufford Satcher, a tenured Professor at the University of Arkansas at Pine Bluff ("UAPB") brings this action to remedy his wrongful termination from his position as Professor of History at UAPB in violation of his rights to Freedom of Speech and Due Process secured by the First and Fourteen Amendments to the Constitution, as well and 42 U.S.C. 1981, and 42 U.S.C. 1983; to redress actions by Defendants UAPB and Davis for violations of Title VII of the Civil Rights Act of

1964, and the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq. ("Title VII"") which prohibits discrimination in employment on the basis of race; and to redress civil rights to be free from retaliation and adverse employment action based upon race and in retaliation for exposing illegal hiring practices and for advocating for equal opportunity employment at UAPB. Plaintiff further asserts state law claims for breach of contract and outrage.

## II. JURISDICTION AND VENUE

2.  Jurisdiction is invoked under 28 U.S.C. §§ 1331, 1332, and 28 U.S.C. §1337, and §1343a(3)-(4); 29 U.S.C. §626, 42 U.S.C. §2000e, *et seq,* and supplemental jurisdiction is invoked over Plaintiff's state law claims under 28 U.S.C. §1367. Venue is proper pursuant to 28 U.S.C. §1391.

3.  Venue is appropriate in this District because the actions complained of occurred in the City of Pine Bluff within the Eastern District of Arkansas.

## III. PARTIES

4.  Plaintiff Bufford Satcher, is an African American male who resides in Pine Bluff Arkansas where he is a fully tenured Professor at the University of Arkansas at Pine Bluff ("UAPB"), having been employed as a professor at UAPB since 1981, and fully tenured since 1987.

5.  Defendant Board of Trustees of the University of Arkansas, is the governing board of the University of Arkansas. UAPB is an institution of higher learning, affecting commerce and employing at least 15 employees, located within Pine Bluff, Arkansas, and is an instrumentality of the State of Arkansas.

6.  Defendant Dr. Lawrence A. Davis, Jr., is the Chancellor of UAPB and is in charge of the overall administration of UAPB, which includes assuring the UAPB policies and procedures are followed with respect to employee actions, including but not limited to due process procedures, discipline, correction, and

1 termination. He is sued in his official and Individual capacities.

2   7.   Defendant Dr. Mary Benjamin is Vice Chancellor of Academic Affairs and UAPB and is in charge of all academic departments at UAPB. She is sued individually and in her official capacity.

  8.   Dr. William Willingham is the Dean of College of Arts and Sciences at UAPB and is charge of the overall supervision of all departments within the College of Arts and Sciences, specifically including the Department of Social and Behavioral Sciences. He is sued individually and in his official capacity.

  9.   Dr. Ebo Tei is an African and Professor of Psychology at UAPB, and at all times pertinent hereto served as the Chairperson for the Social and Behavioral Sciences Department. He is sued individually and in his official capacity.

  10.   Betty Griffith is the Chief of the UAPB Campus Security Police and is responsible for campus security at UAPB. She is sued individually, and in her official capacity.

## IV.   FACTS

  11.   On January 21, 1999, Plaintiff filed a lawsuit against UAPB and certain other named Defendants asserting claims for violation of his First and Fourteen Amendment rights arising out of his removal as Interim Chairperson of the Social and Behavioral Sciences Department at UAPB and the illegal appointment of Defendant Tei to that position. ("PB-C-99-45")

  12.   After the filing of the lawsuit and during the discovery phase, Defendants discovered that Plaintiff had kept various documentation and video tapes which exposed their misconduct relating to Plaintiff's removal as Interim Department Chairperson of the Social and Behavioral Sciences Department and the illegal appointment of Defendant Ebo Tei in that position. Significantly, during the discovery phase, Defendant Tei's true feelings of superiority towards Plaintiff, as a

person whose ancestors served as slaves, were exposed, as well as Tei's hiring practices and disposition to exclude otherwise qualified Caucasian applicants from obtaining positions at UAPB as a result of prejudice and discrimination.

13. On or around January 18, 2000, Plaintiff and the named Defendants in lawsuit PB-C-99-45 entered into a Settlement Agreement containing various promises for the purpose of disposing of the lawsuit. Among those promises made to the Plaintiff was the promise that he would be restored to his positions as Coordinator of the History Program and Graduate Advisor of Social Sciences, and that both parties would use their best efforts to foster and promote a spirit of harmony within the Department of Social and Behavioral Sciences. Defendant Tei remained in his position as Chairperson of the Department of Social and Behavior Sciences and following the parties' execution of the Settlement Agreement, lawsuit PB-C-99-45 was dismissed with prejudice.

14. Since entering in to the Settlement Agreement, Defendants Davis, Benjamin, and Tei have conspired together for the purpose of denying Plaintiff certain rights accorded under the settlement agreement and have conspired to ultimately bring about Plaintiff's termination.

15. At times pertinent hereto, Defendants Davis, Benjamin, Willingham, Tei and Griffith have conspired to portray Plaintiff as a trouble maker and disturber of the peace for purposes of discrediting the Plaintiff and placing Plaintiff in a false and bad light so that he ultimately might be terminated.

16. Due to Plaintiff's outspokenness on matters of public concern including, but not limited to the filing and pursuit of the lawsuit PB-B-99-45 and subsequent exposure of Defendants UAPB's, Davis', and Benjamin's sanctioning and endorsement of Defendant Tei's discriminatory and illegal hiring practices, Defendants Davis, Benjamin, Willingham, Tei and Griffith conspired to interfere with

Plaintiff's performance of his duties, including but not limited to, denying Plaintiff to act as Coordinator of the History Program, denying Plaintiff to act as Graduate Advisor of Social Sciences, denying Plaintiff appropriate teaching assignments; and allowing ridiculing and demeaning statements about Plaintiff to be made by Defendant Tei during faculty meetings and to UAPB staff.

17. Defendants Davis, Benjamin, Tei, while promising to foster an atmosphere of harmony and cooperation, instead conspired with Defendants Willingham and Griffith to discredit, embarrass, harass, and otherwise single Plaintiff out for ridicule, discrimination, and harassment through various acts. These acts included, but were not limited to denying Plaintiff leave for absences; docking Plaintiff's pay for absences; ordering UAPB police officers to forcibly removing Plaintiff from a class he was assigned to teach while in front of students assigned to the class; allowing and endorsing specific physical threats of violence to be directed to Plaintiff as a result of Defendant Tei, thereby creating a hostile work environment for Plaintiff; refusing to take action when Plaintiff reported threats of violence made against him on campus; releasing confidential information about the Plaintiff to general office staff and students concerning Plaintiff's termination; making false accusations regarding Plaintiff and placing those false allegations in police reports; and making degrading comments and ridiculing remarks in front of Plaintiff and his peers.

18. When Defendant Tei overheard one of Plaintiff's students talking about the content of a class Plaintiff was teaching, Defendants Davis, Benjamin, Willingham and Tei seized the opportunity to exploit the student's alleged assertion as a complaint, while at the same time denying the Plaintiff opportunity of notice and a hearing regarding the allegation allegedly asserted by a student. While denying Plaintiff any information regarding the alleged complaint, Defendants demanded

that Plaintiff's produce a copy of his class syllabus which UAPB Office Staff had previously prepared and routinely kept on hand. When Plaintiff was unable to immediately locate a class syllabus, Defendants seized the opportunity to use as a pretext to punish Plaintiff by denying him teaching positions and ultimately using it as a pretext for Plaintiff's termination.

19. Defendants UAPB, Davis, Benjamin, Willingham, and Tei denied Plaintiff due process for the purpose of ultimately depriving Plaintiff of his employment through various acts, including, but not limited to, failing to provide Plaintiff notice of termination; failing to provide Plaintiff an opportunity of notice and hearing concerning the alleged assertion that Plaintiff completely changed the content of a course; denying Plaintiff a hearing concerning his termination and the reasons therefore; removing Plaintiff from his assigned teaching position; arbitrarily denying Plaintiff leave approval; falsifying police reports to place Plaintiff in a bad light, while suppressing police reports showing Plaintiff had been threatened with physical assault as a result of Defendant Ebo Tei; failing to provide Plaintiff notice of any failures on his part and an opportunity to correct said failures, if indeed any existed; and failing to provide Plaintiff notice or hearing regarding his termination from employment, while verbally and openly publishing Plaintiff's termination to faculty, students, and the general public at large.

20. Defendants herein terminated the Plaintiff's employment due to the Plaintiff speaking out on matters raised in his previous lawsuit, and in part due in retaliation for Plaintiff's filing of a lawsuit which ultimately exposed Defendants' Davis' and Benjamin's endorsement of Defendant's Tei's illegal and discriminatory employment and hiring practices; and in part because Defendant Tei despised Plaintiff and sought to discriminate against Plaintiff due to his race, that being an African American whose ancestors were slaves.

21. As a result of the collective efforts of Defendants Davis, Benjamin, Willingham Tei, and Griffith, Plaintiff has been denied any future teaching positions and has been issued a letter of termination scheduled to become effective October 31, 2004.

**V. CLAIMS**

22. Plaintiff incorporates and realleges the allegations contained in Paragraphs 1-21.

23. Defendants actions herein alleged and described were taken under color of law.

24. The actions of the Defendants described herein violate Plaintiff's right to Due Process and show that the reasons given by Defendants UAPB, Davis, Benjamin, Willingham, and Tei for Plaintiff's termination were a pretext to mask their retaliation and racially discriminatory treatment of Plaintiff, and to punish Plaintiff for his speech on matters regarding UAPB raised in lawsuit PB-C-99-45, and regarding UAPB and its illegal and discriminatory hiring and employment practices endorsed by Defendants Davis, Benjamin, Willingham, and Tei.

25. Plaintiff has been denied due process of law as a result of the actions of the Defendants, both individually and collectively.

26. Defendant UAPB's actions against the Plaintiff was motivated in part by race and constitutes violations of Title VII.

27. Defendants Davis, Benjamin, Willingham, and Tei collective actions constitute retaliation by Defendant UAPB in violation of Title VII.

28. Plaintiff has exhausted his administrative remedies required by Title VII and has been issued a right to sue Letter as evidenced by Exhibit A attached hereto and incorporated herein by reference.

29. Defendants named herein have breached the contract Settlement

Agreement entered into between the parties in Case PB-C-99-45.

30. The actions of Defendants Davis, Benjamin, Willingham, Tei, and Griffith were intentional and undertaken with malice and/or reckless indifference towards Plaintiff's protected rights under Title VII, and Plaintiff's Constitutional rights secured by the First and Fourteenth Amendments, and Plaintiff is entitled to punitive damages in an appropriate amount to be proven at the trial of this case.

31. The actions of the Defendants described herein have caused Plaintiff to experienced humiliation, damage to reputation, mental and emotional distress and upset, grief, loss of employment, loss of compensation, economic damages and out of pocket expenses in an amount provable at the trial of this case.

32. As a result of the actions of the Defendants alleged herein, Plaintiff has suffered economic damages in an amount to be calculated.

33. That the allegations against Defendants contained herein constitute state law causes of action against Defendants UAPB, Davis, Benjamin, Willingham, Tei and Griffith for breach of contract and against Defendants Davis, Benjamin, Willingham, Tei and Griffith for outrage and assault, battery, and false arrest.

34. Plaintiff is entitled to his reasonable attorney's fees.

35. Plaintiff requests a trial by jury on all issues triable by a jury.

**VI. RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants on each of his claims:

A. A declaration that the Defendants' actions were retaliatory and punishment for Plaintiff's exercise of his right to freedom of speech, and that Defendant denied Plaintiff Due Process of law and subjected him to racial discrimination in employment;

B. A judgment that Defendants' actions were in violation of Title VII;

1   C.   An Order directing Defendants to reinstate the Plaintiff in the position
2 as Professor of History at UAPB;
3   D.   Compensatory damages against Defendants in an amount shown to
4 be appropriate after the trial of this case, and against the Defendants in their
5 individual capacities for Plaintiff's loss of wages, humiliation, mental and emotional
6 distress, economic damages, and other out-of-pocket losses in an amount shown
7 to be appropriate after the trial;
8   E.   Punitive damages against Defendants in their individual capacities in
9 an amount shown to be appropriate after the trial of this case;
10   F.   Award front pay and back pay in a suitable amount, if shown to be
11 appropriate after the trial of this case;
12   G.   Award reasonable attorney's fees and costs of litigation; and
13   H.   Grant such other and further relief as the Court may find equitable and
14 that the needs of justice may require under the circumstances.

Respectfully submitted,
DR. BUFFORD SATCHER, Plaintiff

By: _____
Theresa L. Caldwell (Bar No. 91163)
5208 Kavanaugh, Suite 2
Little Rock, AR 72207
Phone: (501) 666-5226
Fax: (501) 666-5236

EEOC Form 161 (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Buford Satcher<br>1807 W 17th Avenue<br>Pine Bluff, AR 71603 | From: Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 251-2004-02475 | Gloria J. Jordan, Investigator | (501) 324-6478 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)   _Kay Klugh /sj_   May 28, 2004
Kay Klugh,   (Date Mailed)
Director

cc: Dr. Lawrence A. Davis, Jr.
Chancellor
University of AR at Pine Bluff
1200 North University - Mail Slot 4972
Pine Bluff, AR 71601

**EXHIBIT A**